*596 OPINION.
Love:
On brief, the respondent moves the Board to dismiss the petition of Bonnie M. Busch so far as it relates to the year 1923, for lack of jurisdiction. The respondent has determined an over-assessment for that year. It appears that the motion is well founded and accordingly it is granted. Cornelius Cotton Mills, 4 B. T. A. 255; Byrd Printing Co., 15 B. T. A. 55.
We are satisfied that the instruments of July 20, 1921, created a trust estate. Wilson Syndicate Trust, 14 B. T. A. 508, 521.
*597 The petitioners were beneficiaries of a trust estate which sustained net losses for its fiscal years ended March 31, 1922, March 31, 1923, and March 31, 1924. The petitioners’ returns were filed on a calendar year basis. For the years 1922 and 1923 they claimed deductions upon their individual returns of amounts equal.to the proportionate ’ shares of the net losses of the trust estate allocable to their respective beneficial interests. For the year 1924 they claimed deductions of such portions of the net loss of the trust estate for its fiscal year ended March 31, 1924, as are allocable proportionately to the nine months of that fiscal year which fell within the calendar year 1923, and upon the basis of the portion of such loss allocable to their respective beneficial interests.
In support of their contention the petitioners rely upon certain sections of the Revenue Act of 1921, viz:
Sec. 214. (a) Tliat in computing net income tliere shall bo allowed as deductions:
***$*%,*
(4) Losses sustained during tile taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;
(5) Losses sustained during the taxable year and not compensated' for by insurance or otherwise, if incurred in auy transaction entered into for profit. * * ⅜.
Section 204 of the Revenue Act of 1921 prescribes the manner in which taxpayers may claim net losses arising in one year as deductions from income of the next or next two succeeding taxable years. Subdivision (c) provides:
(c) The benefit of this section shall be allowed to the members of a partnership and the beneficiaries of an estate or trust, and to insurance companies * * * under regulations prescribed by the Commissioner with the approval of the Secretary. (Italics ours.)
The Revenue Act of 1924, in section 206 (h) which corresponds to section 204 (c), supra, provides that the benefits of the section shall be allowed to “ an estate or trust ” instead of the “ beneficiaries of an estate or trust.” Section 206 (g) of that Act provides, however, for an adjustment of net loss deduction claims so that when the period for which the loss occurs falls partly in two calendar years, as to which the laws applicable differ, the deduction shall be determined proportionately in accordance with the laws in effect during such years. The petitioners accordingly claim that in their .individual returns for 1924 they should be allowed deductions of such portions of the net loss of the trust for its fiscal year ended March 31,1924, as are assignable to the nine months of that fiscal year falling within the calendar year 1923 and allocable to their interests in the trust.
*598 In George M. Studebaker, 2 B. T. A. 1020, we considered an analogous contention under section 204 (c) of the Revenue Act of 1918, which is similar to section 204 (c) of the 1921 Act. After quoting subdivision (c), we said:
It is argued that the refusal to permit deductions by beneficiaries on their individual returns on account of net losses suffered by the trust will nullify the provision quoted above. How this conclusion was reached does not appear, for it seems quite clear that this provision permits the application of a net loss suffered by a trust in one year to be applied against the net income of the trust in another year for the purpose of determining the shares of income which are to be distributed to beneficiaries. Since under section 204 (a) the “term ‘net loss’ refers only to net losses resulting from * * * (1) the operation of any business regularly carried on by the taxpayer, * * ⅝ ” and a trust which distributes all of its income periodically is not taxable, subdivision (c) was added in order that the beneficiaries might, in determining their distributive shares, apply against the net income of one year the net loss of the other. Furthermore, section 204 does not add other losses to those for which deductions are allowed under section 214 (a), hut merely extends the scope for applying the losses which are allowed under that section. It does not appear, therefore, that this provision is subject to the interpretation ashed by the taxpayers.
The petitioners herein seek to differentiate that decision because the beneficiaries therein were such under a trust created for their benefit by another person and under which they were not the re-maindermen. In support of this the petitioners rely upon our decision in Julia N. De Forest, 4 B. T. A. 1059. In the Be Forest appeal, the petitioner had received as an absolute gift from her husband certain shares of stock of a corporation then in the process of dissolution. On June 21, 1920, the corporate assets were assigned in dissolution of the corporation to the stockholders, including the petitioner. On the same date the stockholders assigned their undivided interests in certain patents and license agreements to a trustee for the purpose of enforcing all rights under the patents and for the collection of royalties. The patents then had 4 years and 12 days to run and a value of $1,600,000. In his information return for 1920 the trustee reduced the royalties received by expenses and by $227,066.56 for exhaustion of the patents. He indicated that the distributable share of Mrs. De Forest, after such deductions, was $8,787.47, and she reported that sum as income from the trust. The Commissioner restored to her income an amount representing the proportion of the exhaustion deduction allocable to her interest in the trust. We held that the petitioner was entitled to the exhaustion deduction claimed.
It should be noted that in the Be Forest proceeding there was no claim for a net loss deduction. The petitioner was there claiming a deduction for exhaustion of a patent and under the circumstances *599 her claim was the only way in which the benefit of a deduction provided by statute might be secured, since such deduction must be claimed in the year in which the exhaustion occurs. The statute on the other hand makes specific provision for allowance of a “ net loss ” sustained by a trust, and this provision is that it may be deducted by the trust from income of certain succeeding taxable years. The beneficiaries then derive the benefit of the statute.
The petitioner, Clarence M. Busch, further alleges that he is entitled to a deduction of $29,000 for the year 1923 as a bad debt. It appears that to avert a tax sale of certain of the lands which he then held as trustee, this petitioner on May 31, 1923, advanced to the trust the sum of $29,000. The trust, not having at that time, nor at the close of the year 1923, liquid assets sufficient to repay the advancement, the petitioner personally claimed the deduction of the said advancement as taxes paid in his income-tax return for 1923. The respondent denied the deduction. The petitioner now asserts that he is entitled to a deduction of the said advancement for the year 1923 as a bad debt. Through fortuitous circumstances the trust was able to dispose of certain bonds during 1924, and the petitioner repaid himself the advancement out of the funds so secured and reported the repayment as income during 1924.
Upon the state of facts presented, we can not accept the petitioner’s contention that the amount of his voluntary advancement to the trust was a bad debt at the close of the year 1923. The record rather indicates that the trust then possessed extensive properties, which while they could not readily be realized upon, were by no means worthless. See Akron Auto Garage Co., 1 B. T. A. 1066; H. L. Gueydan, 4 B. T. A. 1250; Alemite Die Casting & Manufacturing Co., 1 B. T. A. 548.
We approve the respondent’s determination in all particulars.

Judgment will be entered for the respondent.